# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVELYN CHAVEZ,<br><br>             Plaintiff,<br><br>    v.<br><br>ACCESS CAPITAL SERVICES, INC.,<br><br>             Defendant. | No. 1:13-cv-01037 AWI-GSA<br><br>**ORDER DIMSMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>(Doc. 1) |

## INTRODUCTION

Plaintiff Evelyn Chavez ("Plaintiff"), appearing pro se and in forma pauperis, filed a complaint against Defendant Access Capital Services, Inc. ("Defendant"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA" or "the Act"), 15 U.S.C. § 1692 et seq. Plaintiff contends that Defendant "harass[ed]" her "in an attempt to collect a nonexistent debt." Doc. 1 at 2. Plaintiff seeks $1000.00 in statutory damages and unspecified injunctive relief. Doc. 1 at 1, 4. The Court has screened Plaintiff's complaint. The complaint is dismissed for failure to state a claim. Plaintiff is granted leave to file an amended complaint.

///

**DISCUSSION**

A.     **Screening Standard**

Pursuant to 28 U.S.C. § 1915(e), the Court must conduct an initial review of Plaintiff's complaint for legal sufficiency.  The Court must dismiss a complaint or portion thereof if it determines that the action is legally "frivolous or malicious;" "fails to state a claim upon which relief may be granted;" or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  If a complaint fails to state a valid claim, the Court may grant leave to amend to the extent that the deficiencies are curable by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

The Court reviews complaints for legal sufficiency in accordance with the plausibility standard adopted by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).  Under this standard, a complaint—when its well-pleaded allegations are taken as true—must contain sufficient facts to "state a claim to relief that is plausible on its face."  *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570).

The Court notes that the pleadings of pro se plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*).  Accordingly, pro se pleadings are construed liberally, with plaintiffs afforded the benefit of any doubt.  *Id*.

B.     **Analysis**

A review of Plaintiff's complaint reveals that it consists of "[t]hreadbare recitals of the elements" of a number of FDCPA causes of action but fails to allege sufficient facts to state any legally-sufficient claim for relief under the Act.  *See Iqbal*, 129 S.Ct. at 1949-50 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice" to state a valid claim for relief).  The Court evaluates each of Plaintiff's claims separately below but initially addresses threshold deficiencies in the complaint.  As to these threshold deficiencies, it is first noted that Plaintiff has failed to explain the character or nature of the alleged debt at issue in this case, and therefore has not demonstrated that the "debt" is covered by the FDCPA.  Secondly, Plaintiff's complaint does not plausibly establish that Defendant is a debt collector under the Act, which regulates the conduct of "debt collectors."

### (1) The Complaint Fails to Plausibly Demonstrate that the Alleged Debt at Issue is Covered by the FDCPA and that Defendant is a Debt Collector Under the Act

"[A] threshold issue in a suit brought under the [FDCPA] is whether or not the dispute involves a 'debt' within the meaning of the statute." *Turner v. Cook,* 362 F.3d 1219, 1227 (9th Cir. 2004).  The FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes."  15 U.S.C. § 1692a(5); *see also Bloom v. I.C. Sys. Inc.*, 972 F.2d 1067, 1068–69 (9th Cir. 1992) (explaining that the FDCPA applies only to debts incurred for personal, family or household purposes rather than business or commercial reasons).  While the FDCPA's definition of a "debt" includes both actual and alleged debt obligations, the Act's reach is limited to debt obligations arising from negotiations or contracts for consumer-related goods or services. *Turner*, 262 F.3d at 1227, citing *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C*., 111 F.3d 1322, 1326 (7th Cir. 1997) ("the FDCPA limits its reach to those obligations to pay arising from consensual transactions, where parties negotiate or contract for consumer-related goods or services"); *see also Shorts v. Palmer*, 155 F.R.D. 172, 175–76 (S.D. Ohio 1994) (obligation to pay for shoplifted merchandise not a "debt" under the FDCPA because "plaintiff has never had a contractual arrangement of any kind with any of the defendants"); *Mabe v. G.C. Servs. Ltd. P'ship*, 32 F.3d 86, 88 (4th Cir.1994) (obligation to pay child support not a "debt" under the FDCPA because it was not incurred in exchange for consumer goods or services).

As the Ninth Circuit made clear in *Turner*, "not all obligations to pay are considered

3

debts under the FDCPA." *Turner*, 262 F.3d at 1226, 1228 (a tort judgment resulting from alleged business interference torts rather than a consumer transaction is not a debt for purposes of the FDCPA). Here, Plaintiff simply alleges that Defendant harassed her "in an attempt to collect an alleged nonexistent debt," but does not provide any details as to the type of debt that Defendant allegedly sought to collect. Doc. 1 at 2. While it is clear that a nonexistent debt arising out of an alleged consumer transaction would qualify as a "debt" for purposes of the FDCPA, *see Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982) (the FDCPA "protect[s] consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists"), Plaintiff's complaint contains no facts to plausibly show that the debt in question was an alleged consumer debt. Plaintiff's conclusory allegation that the Defendant attempted to collect a nonexistent debt does not clarify whether this alleged debt was characterized as consumer debt or, instead, was alleged to be corporate or commercial debt, a delinquent child support payment, or another type of obligation that is outside the purview of the FDCPA. Consequently, since Plaintiff has failed to plausibly establish that the alleged debt obligation is covered by the FDCPA, Plaintiff cannot state a claim upon which relief may be granted pursuant to the FDCPA.

Another threshold issue in any suit brought under the FDCPA, which regulates the conduct of "debt collectors," is whether the Defendant is a "debt collector" for purposes of the Act. Plaintiff's complaint contains no facts to plausibly establish that Defendant is a "debt collector" under the Act.[1] The complaint provides only a legal conclusion that Defendant "is a debt collector within the meaning of the FDCPA." Doc. 1 at 3. This conclusory assertion is not sufficient to state a valid claim against the Defendant under the pleading standard announced in *Iqbal* and *Twombly*. *See Iqbal*, 129 S.Ct.at 1949-50 (in evaluating the legal sufficiency of a complaint, legal conclusions are not accepted as true).

///

///

---

[1] § 1692a(6) of the FDCPA defines the term "debt collector" as follows:
> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

**(2) Plaintiff's Specific Claims**

Plaintiff alleges that Defendant violated § 1692b(2) of the FDCPA "by stating that the consumer owes any debt." Doc. 1 at 3. § 1692b applies to communications between a debt collector and third parties other than the consumer, for the purpose of acquiring location information about the consumer. The complaint does not contain any factual allegations relating to communications between the Defendant and third parties for any purpose. Therefore, even assuming *arguendo* that the threshold deficiencies discussed above did not exist in the complaint, the complaint does not state a cognizable claim under 15 U.S.C. § 1692b(2).

Plaintiff next alleges that Defendant violated § 1692e(2) of the FDCPA by "misrepresenting the character, amount and legal status of the alleged debt." Doc. 1 at 3. § 1692e(2) prohibits a debt collector from falsely representing "the character, amount, or legal status of any debt." The complaint does not provide any facts regarding the Defendant's characterization of the debt at issue except for the bare assertion that it was "an alleged nonexistent debt." Doc. 1 at 2. Hence, the complaint does not state a cognizable claim under 15 U.S.C. § 1692e(2) because it lacks sufficient facts to show that the "debt" in question is covered by the FDCPA.

Plaintiff alleges that Defendant violated § 1692e(10) by using false representations or deceptive means to attempt to collect a debt. Doc. 1 at 4. § 1692e(10) prohibits a debt collector from using false representations or deceptive means to attempt to collect a debt. The only fact relevant to this false-representation claim is the bare assertion that the Defendant attempted to collect an "alleged nonexistent debt." Doc. 1 at 2. The complaint does not state a cognizable claim under 15 U.S.C. § 1692e(10) because the complaint lacks sufficient facts to show that the "debt" in question is covered by the FDCPA and that Defendant is a "debt collector" for purposes of the Act.

Plaintiff alleges that Defendant violated § 1692e(11) of the FDCPA "by failing to state a mini-Miranda warning to the consumer." Doc. 1 at 4. § 1692e(11) requires a debt collector to disclose to the consumer that any information obtained from the consumer will be used for the purpose of collecting a debt. The complaint does not state a cognizable claim under 15 U.S.C. §

5

1692e(11) because the complaint lacks sufficient facts to show that the "debt" in question is covered by the FDCPA and that Defendant is a "debt collector" for purposes of the Act.

Plaintiff alleges that Defendant violated § 1692f(1) by attempting to collect a debt not authorized by an agreement. Doc. 1 at 4. § 1692f(1) prohibits a debt collector from collecting any amount "unless such amount is expressly authorized by the agreement creating the debt or permitted by law." The complaint states that "Plaintiff has never had any agreement with the Defendant to collect any amount," and that "Plaintiff has never applied for an 'account' … nor has Plaintiff had any 'account'" with the Defendant. Doc. 1 at 3. Plaintiff appears to misunderstand the meaning of § 1692f(1) which refers to an agreement between the consumer and the creditor of the debt, not an agreement between the consumer and the debt collector. In any event, the complaint does not state a cognizable claim under 15 U.S.C. § 1692f(1) because of the threshold deficiencies in the complaint identified above.

Plaintiff alleges that Defendant violated § 1692f(5) by causing charges to be made to Plaintiff's cell phone. § 1692f(5) prohibits a debt collector "to cause charges to be made to any person for communications *by concealment of the true purpose of the communication*." (Emphasis added). Other than the conclusory allegation that Defendant violated § 1692f(5) "by causing charges to be made to [Plaintiff's] cell phone," the complaint does not contain any facts that plausibly demonstrate that Defendant violated § 1692f(5). Therefore, even assuming *arguendo* that the threshold deficiencies in the complaint identified above did not exist, the complaint does not state a cognizable claim 15 U.S.C. § 1692f(5).

Plaintiff alleges that Defendant violated § 1692g "by failing to send [to Plaintiff] a 30-day validation notice within five (5) days of the initial communication." Doc 1 at 4. § 1692g requires a debt collector to validate the debt sought to be collected by providing certain information related to the debt either in the initial communication with the consumer or by providing the consumer with a written notice within five days after the initial communication. § 1692g provides that no written notice is required if the consumer has paid the debt or if the information was provided in the initial communication. Here the complaint does not clarify that the required information regarding the alleged debt was not provided in the initial communication. Doc. 1 at

2. Thus Plaintiff's claim that the Defendant did not provide a written notice as required by § 1692g is not supported by specific factual allegations so as to state a plausible claim to relief. Therefore, even assuming *arguendo* that the threshold deficiencies in the complaint identified above did not exist, the complaint does not state a cognizable claim 15 U.S.C. § 1692g.

Plaintiff alleges that Defendant violated § 1692g(a)(3) "by failing to state that [Plaintiff] has the right to dispute [the debt] within 30 days." Doc. 1 at 4. This claim appears to be duplicative of the Plaintiff's § 1692g claim addressed in the previous paragraph. Plaintiff's complaint does not contain sufficient factual information regarding the content of the initial communication between Plaintiff and Defendant as well as with regard to the nature of the debt that Defendant was allegedly seeking to collect so as to state a plausible claim for relief under 15 U.S.C. § 169g(a)(3).

Finally, Plaintiff alleges that Defendant violated "§ 1692g(B)" of the FDCPA "by not ceasing from their collection efforts until the debt was validated." Doc. 1 at 4. The Court assumes Plaintiff is referring to § 1692g(b), which provides that if a consumer notifies the debt collector in writing that the debt is disputed, or requests the name and address of the original creditor, the debt collector shall cease collection of the debt until the debt collector obtains verification of the debt or the name and address of the original creditor and provides the same to the consumer. The only facts in the complaint that are potentially relevant to this claim are (1) that "Plaintiff sent the Defendant's office a debt validation letter," and (2) that Plaintiff subsequently received a phone message from Defendant stating that "the phone call was from a debt collector who was attempting to collect a debt." Doc. 1 at 2-3. These facts are insufficient to state a claim to relief under § 1692g(b), even assuming the Plaintiff's complaint did not contain the threshold deficiencies identified above.

**(3) Plaintiff Should File Only Good Faith Claims in any Amended Complaint**

The Court notes that although this is the first FDCPA action filed by Plaintiff in this Court, Plaintiff's husband, David Chavez, has filed numerous actions under the FDCPA and/or the Fair Credit Report Act ("FCRA"), including one against the Defendant in the instant action,

7

Access Capital Services, Inc.[2]  Plaintiff's husband has been warned by other judges of this Court that he has filed complaints that are legally insufficient and "ignore applicable pleading standards and the substantive provisions of both [the FDCPA and the FCRA]."  *See Chavez v. Allied Interstate and Resurgent Capital Services, L.P.*  (1:12-cv-01079-AWI-SMS at 10 and n. 4) (citing *Chavez v. Premier Bank Card, L.L.C.* (1:11-cv-01101-LJO-GSA); *Chavez v, Financial Credit Network, Inc.* (1:!2-cv-00533-AWI-SMS); *Chavez v. Access Capital Services, Inc.* (1:12-cv-00344-AWI-DLB).  Indeed, in *Allied Interstate* Plaintiff's husband was warned that the court was concerned that he was "misusing court process as a means of delaying or harassing his creditors" and that continued "misuse of court resources may result in sanctions against him."

Despite these clear warnings to her husband, Plaintiff's instant complaint is very similar to the insufficient complaints filed by her husband in previous cases.  The similarity of these complaints, as well as the fact that Plaintiff's husband voluntarily dismissed a nearly identical complaint against the instant Defendant, raises concerns for the Court regarding the good-faith bases of Plaintiff's claims.  *See Chavez v. Access Capital Services, Inc.* (1:12-cv-00344-AWI-DLB

**ORDER**

Plaintiff's complaint is dismissed in its entirety because it fails to state a claim upon which relief may be granted.  Plaintiff may file an amended complaint curing the deficiencies identified in this order.  Any amended complaint should be brief in accordance with Fed. R. Civ. P. 8(a), but must set forth sufficient factual allegations such that each cause of action alleged represents a plausible claim.  *Iqbal*, 129 S.Ct. at 1949 ("a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"); *Twombly*, 550 U.S. at 555-556 (a well-pled claim "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action").

Plaintiff is further advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999), and must be "complete in itself without reference to the prior or superseded pleading."  Local Rule

---

[2] Plaintiff's application to proceed in forma pauperis lists David Chavez as her husband.  *See* Doc. 2.

220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  In addition, any amended complaint may not include new or unrelated claims, thereby changing the nature of this lawsuit.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend for failure to state a claim;
2. Within twenty-one (21) days from the date of service of this order, Plaintiff may file an amended complaint curing the deficiencies identified in this order;
3. If Plaintiff fails to file an amended complaint within twenty-one (21) days from the date of service of this order, this action will be dismissed with prejudice for failure to state a claim.

IT IS SO ORDERED.

Dated:   **June 16, 2014**                            **/s/ Gary S. Austin**
                                                                      UNITED STATES MAGISTRATE JUDGE

9