UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVELYN CHAVEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>ACCESS CAPITAL SERVICES, INC.,<br><br>    Defendant. | No. 1:13-cv-01037-AWI-GSA<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING THE DISMISSAL OF THIS ACTION**<br><br>**OBJECTIONS, IF ANY, DUE NO LATER THAN AUGUST 1, 2014** |

**INTRODUCTION**

On June 16, 2014, the undersigned issued an order dismissing Plaintiff Evelyn Chavez's ("Plaintiff") complaint with leave to amend. (Doc. 6). Pursuant to the order, Plaintiff was required to file any amended complaint by July 10, 2014. To date, no amended complaint has been filed. Therefore, for the reasons discussed below, the undersigned RECOMMENDS that this action be dismissed for failure to comply with a court order and to prosecute this action.

**DISCUSSION**

Local Rule 110 provides that "a failure of counsel or of a party to comply with the Court's Local Rules or with any order of the Court may be grounds for the imposition by the Court of any

1

and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with the court's local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Ghazali, 46 F.3d at 53; Ferdik, 963 F.2d at 1260-61; Malone, 833 F.2d at 130; Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because there is no indication that the Plaintiff intends to prosecute this action. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from any unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524

(9th Cir. 1976).  The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal.  Finally, a court's warning to a party that his failure to comply with the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's order permitting Plaintiff to file an amended complaint was clear that failure to file an amended complaint within the time specified in the order would result in the dismissal of this action.[1]  Doc. 6 at 9.

## RECOMMENDATION

In light of the foregoing, IT IS HEREBY RECOMMENDED that this action be DISMISSED for Plaintiff's failure to comply with a court order and to prosecute this action, and that the Clerk of the Court be directed to close this action.

These Findings and Recommendations are submitted to United States District Judge Anthony W. Ishii, pursuant to 28 U.S.C. § 636(b)(1)(B).  Within **fourteen (14) days** from the date of these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

   Dated: __**July 18, 2014**__               _____/s/ Gary S. Austin_____
                                                        UNITED STATES MAGISTRATE JUDGE

---

[1] Furthermore, for the reasons set forth in this Court's order dismissing Plaintiff's original complaint, Doc. 6, Plaintiff's has failed to state a claim upon which relief may be granted.

3